FILED
MAY 16 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA STONE,  )
          Plaintiff, )
           )
v. )   Civil Action No. 19-1401 (UNA)
           )
JENNIFER G. ZIPPS, *et al.*, )
          Defendants. )

## MEMORANDUM OPINION

Barbara Stone ("Stone"), who is proceeding *pro se* and *in forma pauperis*, demands a temporary restraining order "prohibiting the defendants . . . and all persons acting on their behalf from illegally seizing [her] home and real properties scheduled to be sold on May 15, 2019[.]" Compl. at 2 (emphasis removed); *see id.* ¶ 52. The defendants are United States District Judges Jennifer G. Zipps and Bernardo Velasco, Magistrate Judge Markovich, the Clerk of the United States District Court for the District of Arizona, the United States Marshal for the District of Arizona, the Director of the Federal Bureau of Investigation, the Inspector General of the United States Department of Justice, and Roy R. Lustig ("Lustig"), the plaintiff in a civil action brought against Stone in the United States District Court for the Southern District of Florida. It appears that Lustig has taken steps to enforce a judgment obtained in the Southern District of Florida against Stone through legal proceedings in the District of Arizona. *See id.* ¶¶ 1-11. Stone objects to the sale of her assets "on the basis of a void, fraudulent judgment that is the product of criminal acts." *Id.* at 2; *see id.* ¶¶ 29-40. According to Stone, the defendants "wrongfully issued a Writ of Execution," *id.* ¶ 3, and the impending "wrongful conversion" of her assets "would not occur without the collusion of wrongdoing judges" in the District of Arizona, *id.* ¶ 18 (emphasis removed).

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Here, Stone asks this Court to vacate the judgment of the United States District Court for the District of Arizona. This Court has no jurisdiction to do so, however, as it "can neither review the decisions of its sister court nor compel it to act." *Ortiz v. Pratter*, No. 1:15-CV-00481, 2015 WL 1546252, at *1 (D.D.C. Apr. 3, 2015); *see Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *El Bey v. United States*, No. 1:16-CV-00164, 2016 WL 9943453, at *1 (D.D.C. Feb. 2, 2016), *aff'd*, 697 F. App'x 706 (D.C. Cir. 2017); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 20 (D.D.C. 2014), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, No. 94-5079, 1994 WL 474995, at *1 (D.C. Cir. July 27, 1994) (per curiam), *cert. denied*, 513 U.S. 1150 (1995). For this reason, the Court concludes that Stone's complaint fails to state a claim upon which relief can be granted. Accordingly, the Court will grant Stone's application to proceed *in forma pauperis*, dismiss the complaint, and deny the motion for a temporary restraining order as moot. An Order is issued separately.

DATE: May 16, 2019

_____
United States District Judge